**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROY SEIDER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-681-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Roy Seider, TDCJ #1112136, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in a pre-parole transfer facility

in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On June 20, 2002, pursuant to a plea agreement, Seider pled guilty to felony driving while intoxicated in the 54th District Court of McLennon County, Texas, cause number 2002-346-C, and was sentenced to eight years' confinement.  (State Habeas R. at 155.)  Seider did not directly appeal his conviction or sentence.  (Petition at 3.)  Although eligible for mandatory supervision release, the Texas Board of Pardons and Paroles (the Board) has denied Seider release to mandatory supervision on at least two occasions,  April 20, 2005 and March 3, 2006.  (State Habeas R. at 58, 62.)  On July 11, 2006, Seider filed an application for writ of habeas corpus in state court raising the issues presented herein, which was denied on September 6, 2006, without written order by the Texas Court of Criminal Appeals on the findings of the trial court.  *Ex parte Seider*, Application No. WR-65,491-01, at cover.  Thereafter, on September 22, 2006, Seider filed this petition.  As ordered, Dretke has filed a preliminary response with documentary exhibits addressing only the issue of limitations, to which Seider has replied.

## D. ISSUES

Seider raises nine grounds for relief.  In grounds one through five, Seider attacks his 2002 conviction and sentence on substantive grounds.  (Petition at 7-8a.)  In grounds six through nine, he attacks the Board's 2005 and 2006 decisions to deny him release to mandatory supervision.  (*Id.* at 8a.)

## E. STATUTE OF LIMITATIONS

Title 28 U.S.C., § 2244(d)  imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The

limitation period shall run from the latest of–

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

To the extent Seider challenges his 2002 conviction and sentence, subsection (A) governs when the limitations period began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Seider had for filing a timely notice of appeal on July 20, 2002, and closed one year later on July 20, 2003, absent any tolling.  *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).  Seider's state habeas application filed on July 11, 2006, after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor does Seider assert

3

or demonstrate sufficiently rare and exceptionable circumstances to justify equitable tolling of the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, Seider's federal petition as to grounds one through five was due on or before July 20, 2003.

To the extent Seider challenges the Board's April 20, 2005 decision to deny his release to mandatory supervision, the factual predicate of the claims was discoverable on April 20, 2005, the date his release was denied, and expired one year later on April 20, 2006. Seider's state habeas application filed on July 11, 2006, after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott*, 227 F.3d at 263. Nor does Seider assert or demonstrate sufficiently rare and exceptionable circumstances to justify equitable tolling of the limitations period. *See Davis*, 158 F.3d at 811. Thus, Seider's petition as to grounds six through nine as they pertain to the April 20, 2005 denial was due on or before April 20, 2006.

To the extent Seider challenges the Board's March 3, 2006 decision to deny his release to mandatory supervision, the factual predicate of the claims was discoverable on March 3, 2006, the date his release was denied, and will expire on March 3, 2007, absent any tolling.[1] Thus, Seider's petition, filed on September 22, 2006, as to grounds six through nine as they pertain to the Board's March 3, 2006 denial, is timely. Accordingly, the following discussion is relevant only to the March 3, 2006 denial.

---

[1]Quarterman asserts that the claims raised by Seider apply only to the Board's 2005 denial because Seider referred only to the 2005 denial in his state habeas application. (Resp't Preliminary Resp. at 7.) A federal court may deny habeas relief on the merits notwithstanding a petitioner's failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2).

F.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions.  *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written

5

order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

Seider claims the Board has violated his federal constitutional rights under the due process, ex post facto and separation of powers clauses by applying HB 1433, or § 508.149 of the Texas Government Code, to his case. TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).[3] Seider also claims the Board's denial of mandatory supervision is a breach of his pre-parole contractual agreement with TDCJ. The state habeas court considered Seider's claims and found only that nothing alleged in his state habeas application concerning the parole process would, if true, warrant habeas corpus relief. (State Habeas at 135.)

Seider claims that the Board's application of § 508.149(b) to his case violates his rights under the due process clause. (Petition at 8a.) A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

[3]HB 1433, which was passed in 1995 and became effective September 1, 1996, is the state legislation that created discretionary mandatory supervision. The bill was originally codified as article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure. It is now codified as § 508.149 of the Texas Government Code and is referenced in these findings as § 508.149(b).

obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Nevertheless, the Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice of the month and year that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *See Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken*, 28 S.W.3d at 560.

At the time of the Board's 2005 denial, Seider was notified that the Board would review his file again in April 2006. (State Habeas R. at 58.) On December 2, 2005, he was again notified that his file would be reviewed on April 1, 2006, and was informed that if he wished to submit any additional information, he should do so in writing before February 15, 2006, to the Parole Division. (*Id*. at 60.) Thereafter, on March 3, 2006, the Board notified Seider of its decision to deny him release to mandatory supervision and the reasons for its decision. (*Id*. at 62.) Accordingly, as a matter of state law, Seider was afforded all the due process he was entitled.

Seider claims that application of § 508.149(b) to his case violates his rights under the ex post facto and separation of powers clauses. (Petition at 8a.) His ex post facto claim fails because he is serving his eight-year sentence for a felony DWI offense that was committed on January 5, 2002, after the effective date of § 508.149(b). *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004). As to his separation of powers claim, Seider cites to no clearly established federal law that § 508.149(b) implicates a violation under the separation of powers clause, and none has been found.

Finally, Seider claims that the Board's denial breached his pre-parole contractual agreement with TDCJ because the Board took his presumptive parole/mandatory supervision date without due process. (Petition at 8a). There is no factual basis in the record for these claims. The record does not reflect that the Board established a presumptive parole date for Seider at the time he was transferred to the pre-parole facility. *See* TEX. GOV'T CODE ANN. § 499.001(4). Instead, it appears that Seider was transferred to the pre-parole facility within one year of his projected mandatory supervision release date. *See id.* § 499.02. Seider provides no evidence that TDCJ or the Board considered his mandatory supervision release date as a presumptive parole date or that he was ever transferred from pre-parole status to parole status. *Id.* §§ 499.002, 499.005. Seider's mere assertions, unsupported by anything contained in the record, have no probative evidentiary value in this proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, Seider's claims that he had a protected liberty interest in his presumptive parole date and that the Board improperly breached his pre-parole contract are groundless.

Seider has failed to prove that a federal constitutional violation occurred. The state courts' determination of the claims presented do not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable

8

determination of facts in light of the evidence presented in the state court proceedings. The state courts' adjudication of the issues presented is thus entitled to a presumption of correctness.

## II.  RECOMMENDATION

Seider's petition for writ of habeas corpus should be dismissed with prejudice as time-barred in part, and denied in part.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 9, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 9, 2007,

to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 22, 2007.


___/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE